IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,   No. CIV S-07-2385-FCD-CMK-P

    Plaintiff,

  vs.   ORDER

JAMES WALKER, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).

        Plaintiff names the following eleven individuals as defendants:  Walker, Malfi, Leiber, Kelly, Haythorne, Hague, Rodriguez, Rueller, Arnt, Raymond, and Smith.[1]  Plaintiff claims that all defendants have "adopted, implemented, and maintained a policy and procedure of

---

[1] In his statement of factual allegations, plaintiff also mentions Woodford, California Governor Schwarzenegger, and the California Department of Corrections and Rehabilitation as possible defendants.  They, however, are not included in plaintiff's list of named defendants to this action, nor are they listed in the caption to plaintiff's complaint.

1

serving all inmates food in their assigned cells." He states that, since early January 2003, defendant Haythorne, Hague, Rodriguez, Rueller, and Arnt ". . . have been made aware and have had personal knowledge of unsanitary food conditions and handeling [sic] by correctional officials at [California State Prison – Sacramento ("CSPS")], and despite such, did little to uphold and enforce health and safety standards." Plaintiff then claims, by way of example, that these defendants knew of rat infestations and that all they did was to place "sticky traps" in the prison kitchen. As an additional example, plaintiff complains of the practice of "stacking" food trays which, according to plaintiff, is not a permitted practice.[2] Plaintiff asserts that "dozens" of inmates complained to these defendants about the problem. Plaintiff also claims that, on February 17, 2006, he was diagnosed with food poisoning ". . . as a result of the evening meal served by the prison a day or so prior." As against defendant Kelly, plaintiff states: "Defendant KELLY has also acted with deliberate indifference and disregarded a substantial risk of serious harm to Plaintiff's health and safety, and others similarly situated." Plaintiff claims that defendants Kelly, Walker, Malfi, and Leiber are liable because they are responsible for the "cell feeding" policy. Plaintiff claims that defendants Raymond and Smith were made aware of the allegedly unsanitary conditions in the prison kitchen yet they ". . . obstructed, ignored, and denied Plaintiff's sufferings, as well as risk of harm and safety as a direct result of the defective food services at CSPS."

Plaintiff attaches a number of documents to his complaint. In particular, an April 18, 2006, prisoner appeal response signed by defendant Walker states:

> My inquiry of your complaint reveals that rodents have been a problem recently due to the heavy rains in the area. However, SAC's Vector Control has aggressively responded to this problem and has quickly eliminated the rodents. They Environmental Health Department will not follow up with an inspection as they have no current jurisdiction to do so.

---

[2] According to a March 17, 2006, inmate appeal response signed by defendant Walker, a January 9, 2003, memorandum entitled "Food Trays" authored by C.K. Pliler states that staff cannot stack or overlap food trays.

> Inmates will continue to be cell fed as in the past, for the safety and security of the inmate population and the institution. Compensation of inmates for food poisoning is not necessary since there is no definitive evidence that a food borne outbreak occurred.

With respect to "stacking," plaintiff attaches a July 13, 2006, memorandum of minutes from a prison staff meeting regarding "food preparation/service." That memorandum states:

> As far as "stacking" of the trays is concerned, I personally don't think that will ever stop. Ms. C. Hague, who also attended the meeting, readily admitted to having actually seen trays "stacked" herself; she informed us and the Captain that she was even told by a staff member who was working in one of the satellite kitchens that as soon as she left, they would go back to stacking the trays again. That was no revelation to us, but the Captain was visibly upset and, to her credit, made it her business to inform staff of her expectations with regard to food service/preparation. When it's all said and done, this is a problem that prisoners themselves will likely need to resolve.

Plaintiff attaches the declaration of Michael Wallace, an inmate at CSPS who works in the prison kitchen. Mr. Wallace states:

> That on or about February 28, 2006, while working as food clerk in the preparation of food service I was in the process of reheating a pan of refried beans I discovered that a full size rat had invaded the pan where it died inside the refried beans. . . .

Mr. Wallace also states:

> That the prison's pest control Rick Marcos has spoken with me personally regarding the infestation of rat/rodents in the prison kitchen, and such is so out of control from years of neglect that when a rat is caught in a "sticky trap" set out by Rick Marcos, Mr. Marcos leaves the dead rat in the same "sticky trap" because Mr. Marcos indicates that rats are cannibals, and this system is practiced in order to catch more rats/rodents while food service and preparations are undergoing in the main kitchen.
> That I have personally discovered what I believe to be a nesting area in the main kitchen where rats/rodents are mating and keeping their new born, and have alerted Supervising Cooks II's, but the matters described in this statement have gone on obstructed, ignored, and denied.

/ / /

/ / /

/ / /

1  In addition, plaintiff submits the declaration of D.S. Abellon, who is the Correctional

2  Supervising Cook I at CSPS.  Mr. Abellon states:

> That the issues raised related to the infestations of rats and/or rodents in the prison's main kitchen are true, and that I have personally witnessed such rats/rodents during my employment at California State Prison Sacramento on various occasions.

6  The complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C.

7  § 1983 and 28 U.S.C. § 1915A(b).  Specifically, the court is concerned that there may be serious

8  problems with vermin and/or non-adherence to prison policies in the prison kitchen.  If the

9  allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this

10 action.  The court, therefore, finds that service is appropriate and will direct service by the U.S.

11 Marshal without pre-payment of costs.  Plaintiff is informed, however, that this action cannot

12 proceed further until plaintiff complies with this order.  Plaintiff is warned that failure to comply

13 with this order may result in dismissal of the action.  See Local Rule 11-110.

14  Accordingly, IT IS HEREBY ORDERED that:

15  1.  Service is appropriate for the following defendant(s):

16  WALKER,
17  MALFI,
18  LEIBER,
19  KELLY,
20  HAYTHORNE,
21  HAGUE,
22  RODRIGUEZ,
23  RUELLER,
24  ARNT,
25  RAYMOND, and
26  SMITH;

1       2.      The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the complaint (Doc. 1); and

      3.      Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

      a.      The completed Notice of Submission of Documents;

      b.      One completed summons;

      c.      11 completed USM-285 form(s); and

      d.      12 copies of the endorsed complaint.

DATED: January 7, 2008

                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JOHN WESLEY WILLIAMS,                    No. CIV S-07-2385-FCD-CMK-P

    Plaintiff,

  vs.

JAMES WALKER, et al.,

    Defendants.

_____/

<u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

    Plaintiff hereby submits the following documents in compliance with the court's order:

      <u> 1 </u>    completed summons form;

      <u>   </u>    completed USM-285 form(s); and

      <u>   </u>    copies of the complaint.

DATED: _____        _____
                                                        Plaintiff