IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,

    Plaintiff,                    No. CIV S-07-2385 WBS GGH P

    vs.

JAMES WALKER, et al.,

    Defendants.             <u>ORDER</u>

_____/

        In this § 1983 action, plaintiff proceeds against some eleven individuals employed at California State Prison-Sacramento (CSP-SAC) at Represa, CA. The gravamen of his complaint is that the Eighth Amendment is violated at CSPS by unsanitary conditions regarding food service, including rodent infestation in the main kitchen; plaintiff claims to have suffered food poisoning as a result of one meal. See Complaint. Defendants in this matter filed an answer on 5/29/08. By Order, filed on 6/06/08, this case, along with Case No. CIV- 07-1419 was reassigned to the undersigned, having been found to be related to Case No. CIV S 06-2023 WBS GGH P. Plaintiff has subsequently been transferred to CSP-Los Angeles and has now filed a proposed amended complaint, wherein he apparently seeks to incorporate new claims of unsanitary food preparation and service conditions at that facility as well; plaintiff also alleges rodent infestation in the housing units as well. See proposed amended complaint, filed on

1

7/14/08 (# 18).

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a)(1). However, as noted, defendants have filed their answer. Thus, plaintiff may amend only pursuant to Fed. R. Civ. P. 15(a)(2), which requires that a party may proceed on an amended pleading "only with the opposing party's written consent or the court's leave." In this case, plaintiff has not even separately submitted a proper motion for leave to amend, but has simply submitted a proposed amended complaint.

In opposing the motion, defendants point out the new allegations relate primarily to housing conditions at CSP-LA, and argue that adding new defendants who have no connection to incidents at issue at CSP-SAC will unduly prejudice defendants, complicate the issues, and increase burden of time and expense in litigating this action. Opposition (Opp.), 2-7. To the extent that plaintiff seeks to amend the complaint to enhance claims of retaliation as to current defendants Leiber and Hague, defendants further contend that expanding the factual basis of plaintiff's claims against these two does not require an amended complaint, a point with which the court agrees. Plaintiff may reference any supporting, relevant facts he has discovered in support of his claims against in Leiber and Hague in an opposition to a summary judgment motion and/or at trial. The court's review also reveals that plaintiff appears to be seeking to add a new defendant from CSP-SAC, a cook named Bernardino, but other than a rather generic reference to this individual as a correctional cook who failed to adhere to health and safety standards in food preparation, plaintiff provides no specific allegations. Prop. Amd. Cmpl., p. 6. Plaintiff in failing to provide an accompanying motion with his proposed amended complaint has failed to clarify the basis and grounds upon which he seeks to proceed in an amended complaint, nor does his brief reply provide substantive grounds.

Far from promoting judicial economy, to permit plaintiff to proceed on claims against additional defendants located at an entirely different facility would significantly reduce it.

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)("[u]nrelated claims against different defendants belong in different suits").  Moreover, the federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).  Should plaintiff seek to proceed against the defendants he names related to conditions at CSP-LA, he may file an action in the Central District.  As noted, any additional claims or defendants related to CSP-SAC are not sufficiently stated to warrant plaintiff's filing of an amended complaint.

As the court will order that plaintiff's motion for leave to amend is denied, the undersigned will not address plaintiff's motion for temporary restraining order (TRO)/motion for preliminary injunctive relief related to conditions at CSP-LA, as it is predicated wholly on this court's granting plaintiff leave to amend by which the court would then have jurisdiction over the defendants at CSP-LAC named in the proposed amended complaint.

Accordingly, IT IS ORDERED that:

1. To the extent that the court will construe plaintiff's proposed amended complaint, filed on 7/14/08 (# 18), construed as a motion for leave to amend, the motion is denied; and

2. Plaintiff's motion for a TRO/preliminary injunction, filed on 7/14/08 (# 19), to enjoin individuals over whom this court has no jurisdiction is vacated without prejudice to its refiling in a Central District case.

DATED: 10/06/08                                    /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009 - will2385.mta

3