IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,

      Plaintiff,                      No. CIV S-07-2385 WBS GGH P

   vs.

J. WALKER, et al.,

      Defendants.         ORDER

_____/

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By order, filed on December 22, 2009, this court, inter alia, directed plaintiff to show good cause why the unserved defendant Malfi should not be dismissed from this action. Regarding that defendant the court stated at footnote 2:

> Confusingly, plaintiff identifies both Walker and Malfi as current wardens of CSPS. Defendant Malfi is unserved. The initial summons/service of process form was mailed to him on 3/31/08, re-mailed on 4/10/08, and returned and filed, on 2/20/09, as unexecuted with the notation "retired - no info in CDC locator." Docket # 31. On 3/20/09, the court directed plaintiff to provide additional information about the defendant in order for him to be served and, upon the return of the requisite documents, again directed service upon defendant Malfi, by Order, filed on 4/13/09; in that order, plaintiff was informed that he could seek judicial intervention if the information he sought about the defendant's whereabouts was denied or unreasonably delayed, but plaintiff did not seek the court's assistance. Docket # 33, # 34, # 42. On June

1

3, 2009, a waiver was returned unexecuted once more with the notation "per office of legal affairs, Defendant out of country and unavail. to reach."  Docket # 49.  At this time, plaintiff must show good cause, within 21 days, why this defendant should not be dismissed.  See, Fed. R. Civ. P. 4(m).  Although Fed. R. Civ. P. 4(f) is applicable to service of an individual in a foreign country, as no information has been provided as to the possible location of defendant Malfi; for example, there is no verification that he is, in fact, in a foreign country and for how long, and the applicable rules of service within such country.

In his response, dated January 8, 2010, plaintiff asserts that he did make three attempts to serve defendant Malfi and thereafter contacted the CDCR Litigation Coordinator's Office, apparently in an effort to obtain service information from the CDCR Legal Affairs Division but has been unable to obtain helpful information.  Plaintiff concedes that he did not seek judicial intervention but did so "due to utter incompetence as a result of plaintiff not being a professional licensed attorney."  Docket # 53, p. 2.  Plaintiff requests the court's "mercy in understanding" his lack of skill (id.), and although he does not even now expressly request the court's intervention, does ask that the court not dismiss defendant Malfi.

The court finds that plaintiff has made an adequate showing to discharge the show cause order and will construe the response as including a request for judicial intervention.  Defendants' counsel shall query the Department of Corrections and Rehabilitation to ascertain the whereabouts of Malfi.  If defendant Malfi is still employed with the Department of Corrections or Rehabilitation or any other California state agency, counsel shall provide the business address to plaintiff.  If counsel is otherwise informed of the business address of defendant Malfi, counsel shall provide the address to plaintiff.  In the event that counsel, after conducting a good faith inquiry, cannot ascertain the business address of defendant Malfi,

\\\\\
\\\\\
\\\\\
\\\\\

1  counsel shall so inform the court.  Defendants' counsel shall file and serve the appropriate
2  response within twenty-one days of the filed date of this order.
3         IT IS SO ORDERED.
4  DATED: March 25, 2010                        /s/ Gregory G. Hollows
5                                               _____
                                                GREGORY G. HOLLOWS
                                                UNITED STATES MAGISTRATE JUDGE
6
7  GGH:009
   will2385.8esupp