IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,

    Plaintiff,                                No. CIV S-07-2385 WBS GGH P

vs.

J. WALKER, et al.,

    Defendants.                       FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By Order, filed on March 25, 2010, defendants' counsel was directed to query the California Department of Corrections and Rehabilitation (CDCR) to determine the whereabouts of defendant Malfi. In a timely response, filed on April 1, 2010, counsel for defendants indicated that her inquiry resulted in the information that Malfi had retired from CDCR in 2007, and that he has been working in Afghanistan for the past year; counsel further states that she does not know defendant Malfi's business address.

        The court has made multiple efforts, previously described,[1] to have this defendant served, giving plaintiff ample opportunity to locate this defendant and, when plaintiff could not, the undersigned has directed defendants' counsel to attempt to locate him, which effort

---

[1] See, e.g., Order, filed on March 25, 2010, pp. 1-2.

1

has proven equally unavailing.  It appears that serving this defendant would require complying with Fed. R. Civ. P. 4(f), which encompasses the procedures for "serving an individual in a foreign country."  However, as neither plaintiff nor defendants are able to provide an address for this defendant, no method of service upon him could be employed.  Therefore, at this time, the court will recommend his dismissal without prejudice.

If, alternatively, defendant Malfi is residing within this country, he should be dismissed pursuant to Fed. R. Civ. 4(m) because, although plaintiff appears to have good cause for having failed to provide a viable address for service, it does not appear that he will be able to provide such an address at any reasonable time in the future and this complaint was filed in November, 2007, nearly two and one-half years ago; the defendants in this action were found appropriate for service by an Order, filed on January 8, 2008, and an Order, directing service upon the defendants, including Malfi, was filed on March 27, 2008; the time that has elapsed during which defendant Malfi has remained unserved is far in excess of the 120-day period referenced in Rule 4(m).

Accordingly, IT IS RECOMMENDED that the unserved defendant Malfi be dismissed from this case without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

\\\\\
\\\\\
\\\\\
\\\\\

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: May 3, 2010                              /s/ Gregory G. Hollows

                                                 GREGORY G. HOLLOWS
                                                 UNITED STATES MAGISTRATE JUDGE

GGH:009
will2385.dsm

3